**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

MAY 15 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ERICK ANDULIO RODAS-ZACARIAS; NIDIAN ESTRELLA ORTIZ-ORTIZ; ALISSON ELIZABETH GISSEL RODAS-ORTIZ,<br><br>Petitioners,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>Respondent. | No. 24-2480<br><br>Agency Nos.<br>A216-656-103<br>A216-656-104<br>A216-656-105<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 13, 2025[**]
San Francisco, California

Before: S.R. THOMAS, M. SMITH, and BRESS, Circuit Judges.

Erick Andulio Rodas-Zacarias (Rodas-Zacarias), his partner Nidian Estrella

Ortiz-Ortiz, and their minor daughter, natives and citizens of Guatemala, petition for

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

review of a Board of Immigration Appeals (BIA) decision dismissing their appeal of an Immigration Judge's (IJ) order denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We review the denial of asylum, withholding of removal, and CAT protection for substantial evidence. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). "Under this standard, we must uphold the agency determination unless the evidence compels a contrary conclusion." *Id.* Our "review 'is limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted.'" *Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006) (quoting *Cordon-Garcia v. INS*, 204 F.3d 985, 990 (9th Cir. 2000)). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1. To be eligible for asylum, Rodas-Zacarias must demonstrate a "likelihood of 'persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.'" *Sharma v. Garland*, 9 F.4th 1052, 1059 (9th Cir. 2021) (quoting 8 U.S.C. § 1101(a)(42)(A)). To establish eligibility for withholding of removal, Rodas-Zacarias must show "that it is more likely than not" that he will be persecuted if returned to Guatemala "because of" membership in a particular social group or other protected ground. *Barajas-Romero v. Lynch*, 846 F.3d 351, 357, 360 (9th Cir. 2017); *see also* 8 U.S.C. § 1231(b)(3). In the case of both asylum and withholding of

removal, Rodas-Zacarias must show that the persecution was "'committed by the government' or, as relevant here, 'by forces that the government was unable or unwilling to control.'" *Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1064 (9th Cir. 2020) (quoting *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1062 (9th Cir. 2017) (en banc)).

In this case, substantial evidence supports the denial of asylum and withholding of removal because the record supports the agency's finding that Rodas-Zacarias failed to demonstrate that any future persecution would be at the hands of the Guatemalan government or forces that the Guatemalan government was unable or unwilling to control. The record indicates that Rodas-Zacarias was able to file a police report describing the altercation with the gang members and the police said they would investigate the incident, but then Rodas-Zacarias left the country a few days later. Rodas-Zacarias's assertion that Guatemalan authorities would not have investigated his complaint is speculative and unsupported. Nor did the country conditions evidence, which the IJ adequately considered, compel a different result.

2. Substantial evidence supports the denial of CAT relief. "The Convention Against Torture provides mandatory relief for any immigrant who can demonstrate that 'it is more likely than not that he or she would be tortured if removed to the proposed country of removal.'" *Andrade v. Garland*, 94 F.4th 904, 914 (9th Cir. 2024) (quoting *Gutierrez-Alm v. Garland*, 62 F.4th 1186, 1200–01 (9th Cir. 2023));

*see also* 8 C.F.R. § 1208.16(c)(2). The agency reasonably determined that Rodas-Zacarias did not make this showing because it is speculative whether the gang members have any continuing interest in Rodas-Zacarias or his family. In addition, Rodas-Zacarias has not demonstrated that he could not relocate safely in Guatemala, when he previously relocated without incident to his mother's home.

**PETITION DENIED.**